# Supreme Court of Florida

_____

No. SC19-1911

_____

**ADVISORY OPINION TO THE ATTORNEY GENERAL RE: VOTER
APPROVAL OF CONSTITUTIONAL AMENDMENTS.**

February 20, 2020

PER CURIAM.

The Attorney General of Florida has requested this Court's opinion as to the

validity of an initiative petition circulated pursuant to article XI, section 3 of the

Florida Constitution. We have jurisdiction, _see_ art. IV, § 10, art. V, § 3(b)(10),

Fla. Const., and we approve the proposed amendment for placement on the ballot.

## BACKGROUND

On November 12, 2019, the Attorney General petitioned this Court for an

opinion on whether a proposed amendment titled "Voter Approval of

Constitutional Amendments" complies with the single-subject requirement of

article XI, section 3 of the Florida Constitution and whether the proposal's ballot

title and summary comply with the substantive and technical requirements in

section 101.161(1), Florida Statutes (2019). After we invited briefing from

interested parties, we received a brief from the sponsor but no briefs in opposition.

We dispensed with oral argument.

The full text of the proposed amendment, which would amend sections 5 and

7 of article XI of the Florida Constitution, is the following:

SECTION 5. Amendment or revision election.—

(a) A proposed amendment to or revision of this constitution, or any part of it, shall be submitted to the electors at the next general election held more than ninety days after the joint resolution or report of revision commission, constitutional convention or taxation and budget reform commission proposing it is filed with the custodian of state records, unless, pursuant to law enacted by the affirmative vote of three-fourths of the membership of each house of the legislature and limited to a single amendment or revision, it is submitted at an earlier special election held more than ninety days after such filing. If the proposed amendment or revision is approved as provided in subsection (e), it shall be submitted to the electors a second time at the next general election occurring at least ten weeks after the election in which the proposed amendment or revision is initially approved.

(b) A proposed amendment or revision of this constitution, or any part of it, by initiative shall be submitted to the electors at the general election provided the initiative petition is filed with the custodian of state records no later than February 1 of the year in which the general election is held. If the proposed amendment or revision is approved as provided in subsection (e), it shall be submitted to the electors a second time at the next general election.

(c) The legislature shall provide by general law, prior to the holding of an election pursuant to this section, for the provision of a statement to the public regarding the probable financial impact of any amendment proposed by initiative pursuant to section 3.

(d) Once in the tenth week, and once in the sixth week immediately preceding the week in which the an election is held, the proposed amendment or revision, with notice of the date of election at which it will be submitted to the electors, shall be published in one newspaper

of general circulation in each county in which a newspaper is published.

(e) Unless otherwise specifically provided for elsewhere in this constitution, if the proposed amendment or revision is approved by vote of at least sixty percent of the electors voting on the measure in each of two elections, it shall be effective as an amendment to or revision of the constitution of the state on the first Tuesday after the first Monday in January following the second election in which the proposed amendment or revision is approved, or on such other date as may be specified in the amendment or revision.

SECTION 7. Tax or fee limitation.—Notwithstanding Article X, Section 12(d) of this constitution, no new State tax or fee shall be imposed on or after November 8, 1994 by any amendment to this constitution unless the proposed amendment is approved by not fewer than two-thirds of the voters voting in each of the two elections in which such proposed amendment is considered. For purposes of this section, the phrase "new State tax or fee" shall mean any tax or fee which would produce revenue subject to lumpsum or other appropriation by the Legislature, either for the State general revenue fund or any trust fund, which tax or fee is not in effect on November 7, 1994 including without limitation such taxes and fees as are the subject of proposed constitutional amendments appearing on the ballot on November 8, 1994. This section shall apply to proposed constitutional amendments relating to State taxes or fees which appear on the November 8, 1994 ballot, or later ballots, and any such proposed amendment which fails to gain the two-thirds vote required hereby shall be null, void and without effect.

The ballot title for the proposed amendment is "Voter Approval of

Constitutional Amendments."  The ballot summary reads as follows:

Requires all proposed amendments or revisions to the state constitution to be approved by the voters in two elections, instead of one, in order to take effect. The proposal applies the current thresholds for passage to each of the two elections.

## ANALYSIS

Article V, section 3(b)(10) of the Florida Constitution requires this Court, in response to a request from the Attorney General, to render an advisory opinion on the validity of an initiative petition circulated under article XI, section 3. Our review of an initiative is limited to two issues. First, we determine whether the proposed amendment complies with the requirement, set out in article XI, section 3, that the amendment "embrace but one subject and matter directly connected therewith." Second, we determine whether the ballot title and summary comply with section 101.161(1), Florida Statutes (2019). Under that statute, the "ballot title shall consist of a caption, not exceeding 15 words in length, by which the measure is commonly referred to or spoken of." The statute requires that the ballot summary be "an explanatory statement, not exceeding 75 words in length, of the chief purpose of the measure." The statute further mandates that the ballot summary be printed on the ballot "in clear and unambiguous language."

The proposed amendment meets the single-subject requirement. We have long understood the essence of that requirement to be whether the proposal "may be logically viewed as having a natural relation and connection as component parts or aspects of a single dominant plan or scheme." *Fine v. Firestone*, 448 So. 2d 984, 990 (Fla. 1984) (quoting *City of Coral Gables v. Gray*, 19 So. 2d 318, 320 (Fla. 1944)). The proposal here is consequential but straightforward: for any

- 4 -

proposed amendment or revision to become part of our constitution, it would have to be approved by the voters in two elections rather than one. The proposal otherwise leaves the existing constitutional amendment framework in place, and it treats all proposed amendments or revisions—however originated—the same. Any subsidiary details in the proposal (for example, setting out the timing of the required elections) are directly connected to the proposal's single dominant plan.

Similarly, the ballot title and summary comply with section 101.161(1). Each meets the statute's word limits. And each is written in clear, impartial language. The summary unambiguously explains to voters how the proposed amendment would change the constitution, and it puts that change in the context of the legal status quo. In the words of the summary, under the proposal, voters would have to approve "all proposed amendments or revisions" to the state constitution "in two elections, instead of one." As section 101.161(1) requires, the summary tells the voters "the legal effect of the amendment, and no more." *Evans v. Firestone*, 457 So. 2d 1351, 1355 (Fla. 1984).

## CONCLUSION

For the reasons we have explained, we approve the proposed amendment for placement on the ballot.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

- 5 -

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Advisory Opinion – Attorney General

Ashley Moody, Attorney General, and Jeffrey Paul DeSousa, Deputy Solicitor General, Tallahassee, Florida,

    for Petitioner

Jason A. Zimmerman and Jeffrey M. Aaron, Orlando, Florida, George T. Levesque and Ashley Hoffman Lukis of GrayRobinson, P.A., Tallahassee, Florida,

    for Interested Party, Keep Our Constitution Clean PC